Dear Mr. Terrell:
This office is in receipt of your request for an opinion of the Attorney General in regard to hospitalization for retired employees of the Police Department. You ask if it is legal for the City of Pineville to permit retired Police Department employees to remain covered as insureds under the City's group hospitalization plan which is with Risk Management, and, if so, would it be appropriate for the City to pay a percentage of the premium as a retirement incentive if the City Council approves.
The prohibition of donation of public funds in the Louisiana Constitution under Art. 7, Sec. 14 does not apply to the contribution of public funds to insurance programs for the benefit of public employees. Also, R.S. 33:5151 provides any municipality may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees under policies of group insurance covering hospitalization, and may agree to match the payments of the employees for the premiums. It is further provided the section shall not be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees.
This office has recognized under this provision the political sub-division may pay 100% of the insurance premium for its employees, Atty. Gen. Op. Nos. 92-547, 91-209, 90-430, and that the term "employee" includes a former employee now retired so that it would be legal for a public agency to pay medical insurance premiums for retired public employees, Atty. Gen. Op. No. 90-131. However, it was observed past payments may not be reimbursed and the insurance contract must be in existence before the payments are authorized.
Therefore, retired employees may be eligible for coverage under the municipal group insurance, and premiums may be paid by a public agency. However, what is offered by a municipality and contacted with the insurer are contractual agreements of the parties that must be considered separately to determine the provisions for coverage under the risk management contract.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR